1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Stephan Tuttle | ) No. |
|          Plaintiff, | ) COMPLAINT |
|    vs. | ) I.  Individuals with Disabilities Education Act |
| Central Kitsap School District, | ) II.  Section 504 of the Rehabilitation Act<br>) III. Breach of Contract |
|      Defendant | ) IV. Washington Law Against Discrimination<br>) V.  FERPA |
| | ) DEMAND FOR JURY TRIAL |

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1342 on grounds that this

    complaint arises under section 504 of the Rehabilitation Act ("Section 504"), 29

    U.S.C. 794, *et seq*., as well Title II of the Americans with Disabilities Act

    ("ADA"), 42 U.S.C. 12131, *et seq*.   The courts has jurisdiction to enforce Mediation

    Agreements properly reached under the Individuals with Disabilities in Education Act

    ("IDEA"), 20 USC 1400 *et seq*.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

2. The Court has supplemental jurisdiction over Plaintiff's State law cause of action pursuant to 28 U.S.C. 1367.

3. The Court has personal jurisdiction over Defendants because Defendants provide services in Silverdale, Washington, which is located in this judicial district. Therefore, venue is proper in this Court under 28 U.S.C. 1391.

## PARTIES

5. Plaintiff, Stephan Tuttle ("Stephan") is a now 23 year-old young man with multiple disabilities including Autism, Traumatic Brain Injury (TBI), Attention Deficit Hyperactive Disorder (ADHD), Post Traumatic Stress Disorder (PTSD), Colitis, and Asthma. Stephan is currently a resident of Poulsbo, Washington.

6. Defendant, Central Kitsap School District, ("District") is a political subdivision of the State of Washington and a recipient of federal financial assistance. Defendant provides educational services through public schools that are located in the Western District of Washington.

## STATEMENT OF THE FACTS

### Introduction

8. In the course of the 2011-12 school year, after many years of struggling socially and academically, Stephan was diagnosed with Asperger's syndrome. This disability significantly impacts Stephan's ability to socialize, communicate and learn.

9. Stephan has also suffered from for colitis most of his life, which causes abdominal cramping, diarrhea and sporadic intestinal bleeding. This disability

Complaint- 2
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

significantly impacts Stephan's ability to attend school, learn and manage intestinal activities.

10.     In January 2012 Stephan experienced a Traumatic Brain Injury that resulted in acute headaches, neck, rib and back pain, balance problems, muscle weakness, sleep difficulty, vision and speech impairments. Since his injury he has also experienced difficulty executing routine tasks such as tying his shoes.  Bright lights, loud noises and crowds cause him sensory distress.  He is easily fatigued and has required between 12-18 hours  of sleep a day to function.  Stephan continues to suffer from the Traumatic Brain Injury.

11.     Stephan's multiple disabilities and health needs caused him to miss a significant amount of educational instruction during his years at the District. His health was up and down, he had to attend frequent medical appointments on a weekly basis, and the resulting gaps in instruction made it nearly impossible for Stephan to re-engage and keep up with his classes on the days he was fit to attend.

12.     Between 2011 and 2014, Ms. Tuttle, Stephan's mother, attempted to work with the District to address Stephan's educational needs, however, the District told Ms. Tuttle it could not accommodate Stephan's inability to attend classes on the regular school schedule and refused to serve him until he "could enter the school building."

13.     Despite having been provided notice that Stephan had been in an accident and suffered significant injuries, the District took 5 months from the date of Ms. Tuttle's request to provide Home Hospital services. At this point, the District offered sporadic

Cedar Law, PLLC
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

home hospital instruction for no longer than 12 weeks (although the regulations allow for 18 weeks).

14.     Once Home Hospital Services were terminated, the District did not take action to revise Stephan's IEP to enable him to receive his program in a customized setting until February 2014 after Ms. Tuttle initiated a due process hearing.

15.     During the 2-year period between Stephan's accident and Dec 2014, Stephan received de minimus educational instruction from the District.

16.     On or about January 9, 2014, Ms. Tuttle initiated a due process hearing on behalf of Stephan alleging a denial of FAPE back to the 2011-2012 school year.

17.     A true and correct copy of the January 9, 2014 due process request is attached as **Exhibit A**.

18.     As a result of the January 9, 2014 due process request the Parties entered into a written mediation agreement ("Agreement") in February 2014.

19.     A true and correct copy of the February 2014 Agreement is attached as **Exhibit B**.

20.     The Agreement provided for two hours of daily home-based instruction (including community activities) from the District five days a week starting in March 3, 2014, as compensatory education until the District completed a re-evaluation and developed a new IEP.

21.     The new IEP was to continue the home based program of 2 hours daily five days a week, plus supplement with any additional program necessary to providing a FAPE, as specified by the District's re-evaluation.

Complaint- 4
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

22.     In signing the Agreement, the District also agreed to continue providing special education services to Stephan for the duration of the 2015-16 school year.

23.     Over the course of the 2014-15 school year, the District failed to meet the terms of the Agreement they signed.  The District frequently cancelled scheduled instructional periods despite Stephan being willing and able to attend and refused to consistently reschedule sessions cancelled by the District.  The District frequently reassigned instructional aides and claimed each aide needed time to reassess Stephan and his needs. All of these factors prevented Stephan from receiving a consistent program of instruction that he could benefit from. The District also refused to allow Stephan to participate in any and all electives and extracurricular activities. Stephan did not receive instruction appropriate to his documented needs as promised by the District in the Agreement they signed.

24.     The District's approach to Stephan's program also put undue burden on his parent, Ms. Tuttle. The District insisted Ms. Tuttle be present for all home-based instruction sessions even though she was able to find other adults willing to volunteer their time to supervise tutoring sessions.

25.     As a single parent, Ms. Tuttle was already providing all of Stephan's care and transportation. With the District requiring her presence at home during their erratic instruction schedule, Ms. Tuttle found it increasingly difficult to find flexible employment.  By December 2014, the stress and disruption caused by the situation took a toll on the family's stability:  Suffering financially and unable to pay the rent, the family

Cedar Law, PLLC
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

faced imminent homelessness. Frustrated by the District's ongoing and persistent disregard for Stephan's educational needs, the family despaired of getting their needs met in the District and relocated to temporary housing in the Shoreline School District.

26.     Also around December 2014, Ms. Tuttle requested continuing compensatory services from the District pursuant to the settlement agreement and requested additional compensatory service for hours missed due to the unavailability of para-educators and for the days the District failed to implement Stephan's IEP.  The District refused. Stephan enrolled in Shoreline District in January 2015, where he was promptly provided an IEP, and appropriate services from January 2015 to June 2015 when he turned 21 years of age, and aged out of the system. While the program provided by Shoreline District was helpful in beginning to address the gaps in Stephan's education, he still has significant needs to this day.

27.     On February 22, 2016, Stephan, who was then 21 years old, filed a due process request against the District under the IDEA alleging the District failed to offer him a FAPE through an appropriately developed and implemented IEP during the 2013-14 and 2014-15 school years.

28.     A true and correct copy of the Second Due Process Request is attached as **Exhibit C.**

29.     As a result of the second due process request, the parties entered in another settlement agreement regarding Stephan's claims under the IDEA for the time period of March 1, 2014 to January 15, 2015.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

30.     A true and correct copy of the second settlement agreement is attached as **Exhibit D**.

31.     In breach of the original Agreement, the District then failed to offer or provide special education from August 2015 to June 2016 for the 2015-2016 school year.

32.     The District further harmed Stephan's education outcomes by neglecting to provide him with any documented credits for time and instruction completed, or issue him a special education diploma or certificate of completion/ individual achievement. As of when Stephan left the District, his transcript recorded # credits, despite his having attended school in the District sporadically for # years.

33.     Stephan is severely disadvantaged when it comes to pursuing continuing education options and accessing federal student aid.

34.     Stephan's access to continuing education is limited due to the fact that he is indigent, recovering from recent homelessness, and lacks independent financial resources apart from SSI Disability.  Stephan needs access to federal financial aid to access post-secondary educational and vocational opportunities.

35.     Lacking sufficient credits to graduate, or any other certificate of completion, he does not qualify for federal financial aid as access to federal aid requires applicants to "Have a high school diploma or a General Education Development (GED) certificate, or have completed homeschooling." https://fafsa.ed.gov/help/fftoc03a.htm

36.     Options that would be available to Stephan in his community for continuing education include an Associate Occupational Life Skills Program through Bellevue

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

Community College and DSH Vocational Rehabilitation. Stephan is unable to access either program without a certificate of individual achievement or other proof of high school completion.

37.     Although Stephan would qualify for a certificate of individual achievement through CK High School, the District has failed to provide him with an individual program or method of obtaining a certificate of individual achievement.

### FIRST CLAIM FOR RELIEF
### IDEA
**Failure to Provide FAPE as required by the Individuals with Disabilities Education Act (IDEA) 42 USC 1400 et seq.**

38.     The allegations of the above paragraphs are incorporated herein, as though set forth fully.

39.     Stephan was evaluated and found eligible for IDEA services under the categories "Autism" and "Other Health Impaired."

40.     Under the IDEA a student with a qualifying disability is entitled to a free appropriate public education (FAPE) that emphasizes special education and related services designed to meet the child's unique needs and that prepare the child for further education, employment, and independent living. 20 U.S.C. §1400(d)(1)(A).

41.     The IDEA requires eligible students be provided "special education and related services." 42 USC 1400 et seq. 07-14-078. Both terms, "special Education" and "related serviced" are quite broad, and are defined to include "specially designed instruction" that modifies "delivery of instruction" as needed, as well as "speech-language pathology, occupational therapy, audiology and physical therapy."

Complaint- 8
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

42.     The program delivered to Stephan by the district lacked this breadth, focusing instead only on academic subjects that Stephan was unprepared for. The instructional aides sent to his home were not skilled at delivering a program to a student with his needs. The term "related services" is also inclusive of a wide range of services, none of which were provided to Stephan.

43.     Although the District delegated an instructional aide to Stephan's home, it is not clear how this aide or the instruction he received was supervised by a Highly Qualified Special Education Teacher, as is required under IDEA.

44.     The District must provide services in the Least Restrictive Environment (LRE). 34 CFR 300.114(a)(2). For Stephan, due to the limitations imposed upon him by his medical condition, the IEP team determined that his LRE was his home.

45.     The District acknowledged this placement decision in their re-evaluation and IEP, but failed to provide FAPE in this setting but made inadequate use of Home Hospital instruction.

46.     The District also failed to conduct a timely re-evaluation and reconsideration of Stephan's IEP when it was evident that his medical needs would prevent him from attending school for longer than the 18-week limit outlined by the Home Hospital statute (WAC 392-172A-02100).

47.     The District also neglected to make any provision for Stephan to receive non-academic services (per WAC 392-172A-02025), or instruction or time with peers to

Complaint- 9
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

support his social-emotional development. The District may not claim expense as a reason for not providing FAPE in a LRE.

48.     Stephan's right to FAPE continues until the District either finds him ineligible, he meets regular graduation requirements and is issued a regular high school diploma, or turns 21 years of age. However, if he does not attain a regular high school diploma, he is not barred from received a certificate of high school completion or a general educational development credential while continuing to be eligible for services. CFR part 300, 09-20-053. Neither Stephan nor his parent ever revoked his right to these educational benefits.

49.     The ultimate indication that the District did not provide FAPE to Stephan is that he did not earn any credits between February 2012 and December 2015 and therefore he did not advance in the general education curriculum.

50.     As established by the facts above, the District failed to meet their responsibility to provide FAPE.

**Enforcement of Mediation Agreement**

51.     The IDEA makes specific provision for local educational agencies, such as the District, to resolve Due Process disputes using alternate dispute resolution processes.

52.     The Parties used this process and entered into a written mediation agreement signed by Stephan, his mother, and the appropriate District personnel.

53.     This Agreement was subsequently set aside and violated by the District, requiring Stephan to seek relief in US District Court, as the law provides.

Complaint- 10
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

**SECOND CLAIM FOR RELIEF**
**Violation of Section 504 of the Rehabilitation Act 29 U.S.C. 794 et. seq.**

32.     The allegations of the above paragraphs are incorporated herein, as though set forth fully.

33.     The District has and currently is providing educational services to the general public and receiving federal financial assistance and is, therefore, a "public entity" within the meaning of Section 504.

34.     Stephan qualifies as having a disability under Section 504 of the Americans with Disabilities Act. Stephan is disabled in that he was diagnosed with Autism, ADHD Colitis and Traumatic Brain Injury.  Autism is a developmental disability that substantially limits Stephan's ability to perform numerous major life activities, including: read, speak, learn, and interact effectively with others. His medical disabilities also substantially limit his ability to manage his sleep needs and other bodily function, recall and retain what he learns, and communicate effectively.

35.     Section 504 of the Americans with Disabilities Act defines a student with a disability as one who "has a physical or mental impairment that substantially limits a major life activity; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. Stephan meets this definition and is therefor eligible for Section 504 protections and services." 34 C.F.R. §104.3(j)(2)(i). 42 U.S.C. § 12102(2)(A). Stephan also automatically qualifies for Section 504 services due to his eligibility under the IDEA.

Complaint- 11
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

36.     As a student eligible under Section 504, Stephan is entitled to receive a Free and

Appropriate Public Education (FAPE) at district expense. The implementing regulations

for Section 504 define the key features of FAPE as follows: Evaluation and placement

procedures that guard against misclassification or inappropriate placement of students. 34

C.F.R. § 104.35.); Periodic reevaluation of students who have been provided special

education or related services and prior to a significant change in placement. 34 C.F.R. §

104.35(d); Provision of regular or special education and related aids and services that are

designed so that the individual educational needs of students with disabilities are met as

adequately as the needs of non-disabled students are met. 34 C.F.R. § 104.33(b)(1)(i); and

that students with disabilities are educated with non-disabled students to the extent

appropriate for the needs of students with disabilities. 34 C.F.R. § 104.34(a);

37.     As set forth in the facts above, the District failed to meet its responsibility to

provide a FAPE under Section 504:

      A.   Evaluations and placement procedures were not timely. Section 504

          requires the school to refer a qualifying Student for a Section 504

          evaluation to determine whether she needs special education or related

          aids and services, including modifications, because of a disability. When

          Stephan presented as a student with such severe medical issues that he was

          prevented from attending a regular school schedule, the District's initial

          response was to insist that they could only serve him if and when he could

          be physically present at the school building at regular hours. This failure

Complaint- 12
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

to both timely and properly evaluate (which forced the Parent to seek an Independent Education Evaluation under IDEA) and then neglect to provide "related aids and services, including modifications" which could have met the student's educational needs was the basis for the District later agreeing, in the context of Due Process, to provide compensatory services. The discrimination against Stephan, under Section 504, was made more egregious by the fact that the District then abandoned their promise to provide these compensatory services.

B. The District conducted Periodic reevaluations in a manner that increased the delay in providing Stephan services and did not support improved support or instruction.

C. Stephan's individual educational needs were not met as adequately as those of a non-disabled student. Students who are identified as having a disability and needing special education and/or related aids and services are entitled to special education and a broad range of supplemental and related aids and services, as needed, such as tutors, note-takers, or one-on-one aides; assistive technology, psychological and counseling services; or speech or occupational therapy. 34 C.F.R. § 104.33.

D. The facts of this case amply illustrate that after providing limited Home Hospital services, as required under IDEA, the District refused to provide

such services until Ms. Tuttle initiated a due process hearing, and

subsequently did so on an inadequate, sporadic basis or not at all.

E. Further evidence that the District failed to provide FAPE is the fact that

Stephan was unable to earn ANY credits between his accident in February

2012 and when he left the District in December 2015.

F. The additional fact that he was immediately and effectively served by

Shoreline District in 2016 supports the conclusion that he was capable of

being served adequately but that the District refused to do so and was

intentionally or deliberately indifferent to his needs.

G. School Districts must provide non-academic services and activities in a

manner that provides students with disabilities an equal opportunity for

participation. This requirement includes activities such as extracurricular

athletics and special interest groups or clubs sponsored by the school

district. 34 C.F.R. § 104.37. The District did not make provisions for

Stephan to participate in this manner, even though his area of disability

(Autism Spectrum Disorders) specifically implies the need for students to

have opportunities to improve social, emotional and communication skills

through regular interaction with peers, and despite that there were

extensive stretches during the time period at issue, where Stephan was

capable of accessing such activities.

Complaint- 14
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

38.     In conclusion, the District failed to meet its duty to accommodate Stephan in providing FAPE, and as required under Section 504 the District thus discriminated against Stephan based on his disability.

39.     The District acted with intent or with deliberate indifference to Stephan's rights as a disabled individual.  By virtue of, and as a result of, the District's conduct, Stephan has suffered harm including both economic and non economic damages including loss of dignity and emotional distress in an amount to be proven at trial.

35.     Plaintiff is entitled to recover reasonable attorneys' fees and costs and damages.

### THIRD CLAIM FOR RELIEF
### Breach of Contract under Washington State Law

46.     The allegations of the above paragraphs are incorporated herein, as though set forth fully.

47.     To properly state a claim for breach of contract in Washington, a plaintiff must allege (1) a valid contract, (2) a breach of duty arising under that contract, and (3) resulting damage. *Nw. Index. Forest Mfrs. v. Dep't of Labor & Indust.*, 78 Wn. App. 707, 712 (1995).

50.     Stephan and the District, for valuable consideration, entered into a settlement agreement on February 18, 2014 for the dismissal of Stephan's Due Process complaint with prejudice, in exchange for ongoing educational services provided by the District for the 2015-2016 school, among other consideration.

51.     Pursuant to the settlement agreement, Stephan filed a motion to dismiss all claims with prejudice that was granted.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

52.     In breach of the express terms of the Settlement Agreement, the District failed to provide any services to Stephan during the course of the 2015-2016 school despite an ability to do so.

53.     As a result of the District's breach of contract Stephan failed to be adequately compensated for the denial of educational services and access for the 2011-2013 School year.

54.     As a result of the District's breach of contract Stephan was unable to earn credits towards a certificate of individual achievement and was denied the right to participate in the District's program of matriculating students with special needs.

55.     Due to the lack of a certificate of matriculation, Stephan is unable to participate in financial aid programs available through the federal financial aid system.

56.     The District's breach of contract has damaged Stephan in an amount exceeding $100,000, which will be proven according to proof at trial.

**Unjust Enrichment**

57.     The allegations of the above paragraphs are incorporated herein, as though set forth fully.

58.     A claim of unjust enrichment requires: 1) one party conferred a benefit upon another; 2) the party receiving the benefit must have knowledge of the benefit; and 3) the party receiving the benefit must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value. *Dragt v. Draft/DeTray, LLC*, 161 P.3d 473, 482 (Ct. App. Wash. 2007).

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

59.     Stephan conferred a benefit upon the District by dismissing his due process request against the District with prejudice.

60.     The District is aware that Stephan dismissed the due process request with prejudice and received notice of the dismissal from the Office of Administrative Hearings, the agency responsible for conducting due process hearings in Washington State.

61.     While Stephan has conferred substantial benefit on the District by dismissing his claims with prejudice, the District has not performed its portion of the contract leaving the District unjustly enriched.

62.     It would be grossly inequitable to allow the District to retain all of the benefit of the Contract without paying for its value.  To do so would leave a severely disabled student without federally protected and guaranteed benefits.  The Court should set aside the Dismissal and allow Stephan to fully pursue his claims under the IDEA or require the District to otherwise pay for the value of the Dismissal.

### FORTH CLAIM FOR RELIEF
**Violation of the Washington Law Against Discrimination RCW 49.60 et. seq.**

63.     The allegations of the above paragraphs are incorporated herein, as though set forth fully.

64.     The Washington Law Against Discrimination ("WLAD") prohibits discrimination against disabled persons in places of public accommodation. *Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir.2001).

Complaint- 17
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

65.     A cause of action under the WLAD differs from one under Section 504 only in that the WLAD requires no showing of intentional discrimination. *Id.* at 1135 n. 10.

66.     To make a prima facie case of public accommodation discrimination under the WLAD, a plaintiff must demonstrate: (1) that he has a disability; (2) that the defendant's place of business is a public accommodation; (3) that the defendant discriminated against the plaintiff by providing treatment not comparable to the level of services provided to individuals without disabilities; and (4) that the disability was a substantial factor causing the discrimination." *Wash. St. Commc'n Access Project v. Regal Cinemas, Inc.,* 173 Wash.App. 174, 293 P.3d 413, 421 (2013).

67.     Here, it is clear that Stephan is disabled and that the District is a public agency. *See* Wash. Rev. Code 49.60.040(2).

68.     Stephan received grossly inferior treatment compared to students without disabilities in that he was excluded from the benefits of the District's program based on his disability related needs as alleged above

## FIFTH CLAIM FOR RELIEF
### Violation of the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR Part 99)

69.     The allegations of the above paragraphs are incorporated herein, as though set forth fully.

70.     The Family Educational Rights and Privacy Act ("FERPA") protects the privacy of student education records.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

71.     The law applies to all schools that receive funds under an applicable program of the U.S. Department of Education. The District is such an entity and is therefor required to comply with FERPA.

72.     FERPA gives parents certain rights with respect to their children's education records. These rights transfer to the student when he or she reaches the age of 18 or attends a school beyond the high school level. Students to whom the rights have transferred are "eligible students."

73.     Under FERPA, Parents or eligible students have the right to inspect and review the student's education records maintained by the school. Schools are not required to provide copies of records unless, for reasons such as great distance, it is impossible for parents or eligible students to review the records. Schools may charge a fee for copies.

74.     The District violated FERPA and PRA by refusing to furnish access of relevant Special Education educational records that were in or should have been in its possession when requested by the Student and Parent in January 2015 upon the Student transferring to the Shoreline District.

75.     This failure to provide access to records (including providing copies given that both the Parent and Student qualify as individuals with disabilities, were living at significant distance from the District, and suffering from homelessness at the time, thus lacking adequate access) added delay and obstruction to the efforts of the Shoreline District to timely review the Student's educational history and provide relevant services.

## **REMEDIES AND RELIEF**

Complaint- 19
Cause No.

Cedar Law, PLLC
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Therefore, Stephan seeks judgment and prays for relief against the District, and respectfully requests that the Court:

1.      Assume Jurisdiction of the action;

2.      Award Stephan compensatory damages in an amount of no less than $100,000.

3.      Award Stephan monetary damages for emotional distress and loss of dignity in an amount no less than $75,000.

4.      Grant Stephan reasonable attorney fees, costs and expert witness fees incurred to the full extent permitted by law.

5.      Grant Stephan such other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands a jury trial on issues so triable.

Dated this 21th day of July 2017

/s/ *Angela Shapow*

_____

Cedar Law PLLC
Angela Shapow; WSBA# 41471
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796
angela@cedarlawpllc.com

Complaint- 20
Cause No.

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

# EXHIBIT B

**Cedar Law, PLLC**
2200 Sixth Ave. #1250
Seattle, WA 98121
206-250-5796

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

# EXHIBIT C

# EXHIBIT D